IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOAO CABRAL,<br> *Plaintiff,*<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC and<br>RUST-OLEUM SALES COMPANY,<br>INC.,<br> *Defendants*. | §<br>§<br>§<br>§  CIVIL ACTION NO.:<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANT RUST-OLEUM SALES COMPANY, INC.'S
## NOTICE OF REMOVAL

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

COMES NOW, Defendant Rust-Oleum Sales Company, Inc. ("Defendant" or "Rust-Oleum"), and pursuant to 28 U.S.C. § 1332, 1441(a), and 1446(a), removes this case from the State of Rhode Island Superior Court to the United States District Court for the District of Rhode Island. In support of this removal, Defendant respectfully offers this Court the following:

### I.
### BRIEF FACTUAL AND PROCEDURAL BACKGROUND

**1.** In this product liability lawsuit, Plaintiff Joao Cabral ("Plaintiff") alleges that on October 13, 2017, he purchased a can of Rust-Oleum spray paint from Defendant Lowe's Home Centers LLC ("Lowe's"), and on that same day, attempted to use the can, when the can "suddenly exploded" in his hand, causing him injuries. *See* Exhibit A (Pl. Orig. Compl.) at ¶¶ 6–9.

**2.** On October 8, 2020, Plaintiff filed this lawsuit in the State of Rhode Island Superior Court. *Id*. Plaintiff named Lowe's and Rust-Oleum as Defendants. *Id.*

3.      Plaintiff asserts claims of negligence, strict products liability, and breach of warranty against Rust-Oleum and Lowe's. *Id.*

4.      Within 30 days of service, Defendant timely files this Notice of Removal.

## II.
## GROUNDS FOR REMOVAL

5.      Removal is proper because subject-matter jurisdiction is established under 28 U.S.C. §1332(a).

### A.      The amount in controversy exceeds $75,000.

6.      The amount in controversy in this lawsuit exceeds $75,000.00, exclusive of interest and costs.

7.      The amount in controversy requirement is satisfied when the allegations in the plaintiff's complaint indicate that there is a reasonable probability that plaintiff's claims exceed $75,000, exclusive of interests and costs. *See Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001); *see also Hogan v. Wal-Mart Stores East, LP.*, No. 13-603 S, 2014 WL 66658, at *4 (D. R.I. Jan. 8, 2014) ("The starting point for the analysis of the amount in controversy . . . is the description of the incident as laid out in the complaint . . . . In considering its value, the Court should rely on judicial experience and common sense.").

8.      In Plaintiff's Complaint, Plaintiff alleges that he purchased the Rust-Oleum spray paint can from Lowe's, and when he attempted to use it, "the can suddenly exploded . . . causing him to suffer severe grievous and permanent injuries." *See* Exhibit A, at ¶¶ 4–9. Plaintiff further alleges that as a result of Defendants' alleged negligence, Plaintiff suffered "severe injuries to his mind, body, nerves and nervous system and will in the future suffer extreme pain and will be unable to perform his usual activities, has suffered a loss of earning capacity and a loss of enjoyment of life, has suffered injuries which are permanent, including permanent disfigurement and loss of use and

bodily function." *Id.* at ¶ 18.  Plaintiff further alleges that he "has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalizations, therapy, and the like." *Id.* at ¶ 19.

9.  Here, Plaintiff's Complaint indicates that there is a reasonable probability that his claims could exceed $75,000.  Therefore, the amount in controversy requirement is satisfied.

    **B.** **There is complete diversity of citizenship between Plaintiff and Defendants.**

10.  There is also complete diversity of citizenship between Plaintiff and Defendants at the time the underlying action was filed and at the time of removal because:

  **a.** Plaintiff is a citizen of Rhode Island.  *Id.* at ¶ 1.

  **b.** Rust-Oleum is a citizen of Ohio and Illinois.  Rust-Oleum is not a citizen of Rhode Island.  *Id.* at ¶ 3.

  **c.** Lowe's is a citizen North Carolina.  Lowe's is not a citizen of Rhode Island.  *Id.* at ¶ 3.

### III.
### CONSENT

11.  Rust-Oleum's counsel has conferred with counsel for Lowe's, and Lowe's has expressly consented to removal of this case to federal court.

### IV.
### VENUE IS PROPER

12.  Venue is proper in this Court under 28 USC §1441(a), because this district and division embrace the place in which the removed State court action has been pending.  Specifically, the State of Rhode Island Superior Court is within the district and division of the United States District Court for the District of Rhode Island. *See* 28 U.S.C. §124(a)(1).

## V.
## DEFENDANT HAS COMPLIED WITH ALL PROCEDURAL REQUIREMENTS

13.  As required under 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendants are attached to this Notice of Removal, and includes the following:

- **Exhibit A:** Plaintiffs' Original Complaint;
- **Exhibit B:** Rust-Oleum's Original Answer to Plaintiffs' Original Complaint;[1]
- **Exhibit C:** Lowe's Original Answer to Plaintiffs' Original Complaint; and
- **Exhibit D:** State Court Docket Sheet.

14.  On filing of this Notice of Removal, Rust-Oleum will promptly provide written notice to Plaintiff and file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending, in accordance with 28 U.S.C. § 1446(d).

15.  In the event this Court subsequently identifies a defect in this Notice of Removal, Defendant respectfully requests this Court to grant Defendant leave to amend this Notice and cure the defect. *See, e.g.*, *Haber v. Massey*, 904 F. Supp. 2d 136, 141 (D. Mass. 2012) ("Courts generally allow a defendant to amend a notice of removal after the thirty day time limit for technical defects in the jurisdictional allegations. . . .") (internal quotations and citations omitted); *Heller v. Allied Textile Cos.*, 276 F. Supp. 2d 176, 180–81 (D. Maine 2003) (explaining that defendants may amend their notice of removal to cure defects).

16.  By filing this Notice of Removal, Defendant does not waive any legal defenses, but expressly reserves its right to raise any and all legal defenses in subsequent pleadings in this Court.

---

[1] On February 2, 2021, Defendants filed their Original Answers in the state court proceeding. *See* Exhibits B and C; FED. R. CIV. P. 81(c)(2) ("After removal, repleading is unnecessary unless the court orders it.").

**17.** This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. §1446(a).

## VI.
### CONCLUSION

WHEREFORE, Defendant represents that Defendant has complied with the removal statutes set forth above, and thus, this case stands removed from the State of Rhode Island Superior Court to the United States District Court for the District of Rhode Island.

Respectfully submitted and signed pursuant to Federal Rule of Civil Procedure 11,

Defendant,
**RUST-OLEUM SALES COMPANY, INC.**
By its attorneys,

Dated: February 12, 2021

/s/ Jennifer A. Creedon
Jennifer A. Creedon, RI Bar No. 6975
jcreedon@mmmk.com
**MARTIN, MAGNUSON, MCCARTHY & KENNEY**
10 Dorrance Street, Suite 700
Providence, RI 02903
(617) 227-3240
(617) 227-3346 (Fax)
And
101 Merrimac Street
Boston, MA 02114

## CERTIFICATE OF SERVICE

  I hereby certify that, on the 12th day of February, 2021, a copy of the foregoing document was filed through the ECF system and served via electronic mail on the following:

| | |
|---|---|
| Richard A. Pacia<br>50 Power Road<br>Pawtucket, RI  02860 | *Via E-Mail:  Rpacialaw@gmail.com* |

and

| | |
|---|---|
| Dennis H. Ricci, Esq.<br>22 Belle Isle Way<br>Cranston, RI  02921<br>***Attorneys for Plaintiff*** | *Via E-Mail:  Universallaw.ricci@gmail.com* |

| | |
|---|---|
| James C. Bass<br>Morrison Mahoney LLP<br>10 Weybosset Street, Suite 900<br>Providence, RI  02903-7141<br>***Attorney for Lowe's Home Centers, LLC*** | *Via E-Mail: jbass@morrisonmahoney.com* |

                /s/ Jennifer A. Creedon
              Jennifer Ann Creedon, RI Bar No. 6975