# Exhibit A

Case Number: PC-2020-7052
Filed in Providence/Bristol County Superior Court
Submitted: 10/8/2020 2:45 PM
Envelope: 2784839
Reviewer: Rachel L.

Case 1:21-cv-00078-JJM-PAS   Document 1-1   Filed 02/12/21   Page 2 of 11 PageID #: 8

STATE OF RHODE ISLAND         SUPERIOR COURT
PROVIDENCE, SC.

JOAO CABRAL

VS.                 C.A. NO.: PC-2020-

LOWE'S HOME CENTERS, LLC and
RUST-OLEUM SALES COMPANY, INC.

## PARTIES

1. Plaintiff, Joao Cabral, is a resident of the City of Cranston, County of Providence, State of Rhode Island (hereinafter "Plaintiff").

2. Defendant, Lowe's Home Centers, LLC (hereinafter "Lowe's"), is a business corporation existing under the laws of the State of North Carolina with a principal place of business therein and at all relevant times operated and maintained a place of business in Cranston, Rhode Island. Defendant has sufficient minimum contacts with the State of Rhode Island for this Court to exercise personal jurisdiction.

3. Defendant, Rust-Oleum Sales Company, Inc. (hereinafter "Rust-Oleum"), is a business corporation existing under the laws of the State of Illinois with a principal place of business therein and is duly authorized to conduct business in the State of Rhode Island and has sufficient minimum contacts with the State of Rhode Island for this Court to exercise personal jurisdiction.

## FACTUAL BACKGROUND

4. Rust-Oleum manufactured, packaged, distributed, placed in the stream of commerce and held out for sale to the general public a certain consumer product known as "Rust-Oleum" (hereinafter the "Product").

5. Defendant Lowe's displayed, distributed and/or sold the Product.

6. On or about October 13, 2017 Plaintiff purchased the Product at Lowe's place of business in Cranston, Rhode Island.

7. Thereafter, on or about October 13, 2017, the Plaintiff attempted to use the Product in accordance with its intended use, which included holding the Product in his hand and spraying the contents of the can onto metal items.

1

Case Number: PC-2020-07057
Filed in Providence/Bristol County Superior Court
Submitted: 10/8/2020 2:45 PM
Envelope: 2784839
Reviewer: Rachel L.

Case 1:21-cv-00078-JJM-PAS   Document 1-1   Filed 02/12/21   Page 3 of 11 PageID #: 9

8. As the Plaintiff held the Product in his right hand and with his thumb compressed upon the nozzle cap in order to cause the contents of the can to be released, the can suddenly exploded in the hand of the Plaintiff, causing him to suffer severe grievous and permanent injuries.

9. As a direct result and proximate cause of his attempted use of the Product, the Plaintiff sustained severe, grievous and permanent injuries.

## COUNT I

### Negligence – Lowe's

10. Paragraphs 1 through 9 are incorporated herein by reference as if fully set forth at length herein.

11. On or about October 13, 2017, and prior thereto, Lowe's was engaged in the business of marketing, selling and otherwise distributing the Product.

12. At all times material hereto, Lowe's marketed, sold and otherwise distributed the Product to ultimate users and/or consumers such as the Plaintiff.

13. At all times material hereto, Lowe's owed a duty of due care to ultimate users and/or consumers of the Product, including the Plaintiff, in the marketing, selling and/or distributing of the Product.

14. At all material times hereto, Plaintiff exercised due care for his own safety and well-being.

15. At all material times hereto, Plaintiff was attempting to use the Product in accordance with its intended use.

16. As a direct result and proximate cause of attempting to use the Product, Plaintiff sustained severe, grievous and permanent injuries.

17. The injuries sustained by Plaintiff were the direct and proximate result of Lowe's negligent breach of its aforesaid duty, including but not limited to Lowe's:

    a. Failure to use care in the marketing, distribution, inspecting, advertising and selling the Product;
    b. Failure to make or cause to be made reasonable testing of the Product in order to assure the safety and integrity of the Product;
    c. Failure to otherwise adequately test the product before marketing, distributing and selling the Product;
    d. Failure to warn potential and actual users and/or recipients of the potential hazards of the Product;

2

Case Number: PC-2020-07051
Filed in Providence/Bristol County Superior Court
Submitted: 10/8/2020 2:45 PM
Envelope: 2784839
Reviewer: Rachel L.

Case 1:21-cv-00078-JJM-PAS   Document 1-1   Filed 02/12/21   Page 4 of 11 PageID #: 10

    e. Failure to property educate consumers of the Product about the safe use of the Product;

    f. Failure to provide adequate protection for persons coming into contact with the Product, such as the Plaintiff, from suffering the injuries that the Plaintiff still suffers from; and

    g. Failure to otherwise use due care in the packaging, marketing, distribution and/or sale of the Product.

18. As a direct result and proximate cause of Lowe's negligence as aforesaid, the Plaintiff suffered severe injuries to his mind, body, nerves and nervous system and will in the future suffer extreme pain and will be unable to perform his usual activities, has suffered a loss of earning capacity and loss of enjoyment of life, has suffered injuries which are permanent, including permanent disfigurement and loss of use and loss of bodily function.

19. By means of the foregoing, the Plaintiff has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalizations, therapy and the like.

WHEREFORE, the Plaintiff demands judgment against Lowe's in a sum sufficient to establish the jurisdiction of this Honorable Court, exclusive of interest and costs and whatever further relief this Court deems meet and just.

## COUNT II

### Res Ipsa Loquitur – Lowe's

20. Paragraphs 1 through 9 are incorporated herein by reference as if fully set forth at length herein.

21. At all material times hereto, the Product was in the exclusive control of Lowe's and/or its agents, servants and employees when Plaintiff purchased the Product.

22. The events set forth herein are of a nature and type such that they would not have occurred were it not for the negligence of Lowe's and/or its agents, servants, and employees.

23. Plaintiff is without knowledge of the precise acts of negligence by Lowe's which caused the injuries to Plaintiff as aforesaid.

24. The precise acts of negligence which caused the injuries to Plaintiff are known solely and exclusively by Lowe's and/or its agents, servants and employees.

25. As a direct result and proximate cause of Lowe's negligence as aforesaid, the Plaintiff suffered severe injuries to his mind, body, nerves and nervous system and will in the future suffer extreme be unable to perform his usual activities, has suffered a loss of earning

Case Number: PC-2020-07057
Filed in Providence/Bristol County Superior Court
Submitted: 10/8/2020 2:45 PM
Envelope: 2784839
Reviewer: Rachel L.

Case 1:21-cv-00078-JJM-PAS   Document 1-1   Filed 02/12/21   Page 5 of 11 PageID #: 11

capacity and loss of enjoyment of life, has suffered injuries which are permanent, including permanent disfigurement and loss of use and loss of bodily function.

26. By means of the foregoing, the Plaintiff has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalizations, therapy and the like.

   WHEREFORE, the Plaintiff demands judgment against Lowe's in a sum sufficient to establish the jurisdiction of this Honorable Court, exclusive of interest and costs and whatever further relief this Court deems meet and just.

## COUNT III
### Strict Liability – Lowe's

27. Paragraphs 1 through 9 are incorporated herein by reference as if fully set forth at length herein.

28. At the time the Product was marketed, sold and/or otherwise distributed by Lowe's. it contained a defect which made it unreasonably dangerous to all actual and potential users and recipients including the Plaintiff.

29. Plaintiff had no knowledge of the defective condition and/or nature of the defect to the Product.

30. At the time the Plaintiff purchased and received the Product that was marketed, distributed and/or sold by Lowe's, said Product was in essentially the same condition as it was when it left the hands of Lowe's.

31. As a direct and proximate result of attempting to use the Product, Plaintiff suffered severe and permanent personal injuries.

32. As a direct result and proximate cause of Lowe's negligence as aforesaid, the Plaintiff suffered severe injuries to his mind, body, nerves and nervous system and will in the future suffer extreme be unable to perform his usual activities, has suffered a loss of earning capacity and loss of enjoyment of life, has suffered injuries which are permanent, including permanent disfigurement and loss of use and loss of bodily function.

33. By means of the foregoing, the Plaintiff has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalizations, therapy and the like.

   WHEREFORE, the Plaintiff demands judgment against Lowe's in a sum sufficient to establish the jurisdiction of this Honorable Court, exclusive of interest and costs and whatever further relief this Court deems meet and just.

Case Number: PC-2020-07057
Filed in Providence/Bristol County Superior Court
Submitted: 10/8/2020 2:45 PM
Envelope: 2784839
Reviewer: Rachel L.

Case 1:21-cv-00078-JJM-PAS   Document 1-1   Filed 02/12/21   Page 6 of 11 PageID #: 12

## COUNT IV
## Breach of Warranty – Lowe's

34. Paragraphs 1 through 9 are incorporated herein by reference as if fully set forth at length herein.

35. Defendant Lowe's impliedly and expressly warranted that the Product was of merchantable quality and fit for its intended use.

36. At all times material hereto, the Plaintiff relied upon these warranties and attempted to use the Product for its intended purpose.

37. Defendant breached its express and implied warranties of merchantability and fitness for intended use, as a result of which Lowe's caused the injuries to the Plaintiff as described above.

38. As a result of Lowe's breach of the aforesaid warranties, the Plaintiff suffered severe and permanent injuries.

39. As a direct result and proximate cause of Lowe's negligence as aforesaid, the Plaintiff suffered severe injuries to his mind, body, nerves and nervous system and will in the future suffer extreme be unable to perform his usual activities, has suffered a loss of earning capacity and loss of enjoyment of life, has suffered injuries which are permanent, including permanent disfigurement and loss of use and loss of bodily function.

40. By means of the foregoing, the Plaintiff has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalizations, therapy and the like.

WHEREFORE, the Plaintiff demands judgment against Lowe's in a sum sufficient to establish the jurisdiction of this Honorable Court, exclusive of interest and costs and whatever further relief this Court deems meet and just.

## COUNT V
## Negligence – Rust-Oleum

41. Paragraphs 1 through 9 are incorporated herein by reference as if fully set forth at length herein.

42. On or about October 13, 2017, and prior thereto, Rust-Oleum engaged in the business of designing, manufacturing, testing, inspecting, marketing, producing, selling and/or otherwise distributing a certain product called "Rust-Oleum" (hereinafter the "Product").

Case Number: PC-2020-07057
Filed in Providence/Bristol County Superior Court
Submitted: 10/8/2020 2:45 PM
Envelope: 2784839
Reviewer: Rachel L.

Case 1:21-cv-00078-JJM-PAS   Document 1-1   Filed 02/12/21   Page 7 of 11 PageID #: 13

43. At all material times hereto Rust-Oleum sold and/or otherwise distributed the Product to Lowe's and which thereafter was sold to users and consumers including the Plaintiff.

44. Before October 13, 2017, Rust-Oleum designed, manufactured, tested, inspected, marketed, produced, sold and/or otherwise distributed the Product that was sold to the Plaintiff by Lowe's.

45. At all material times hereto, Rust-Oleum owed a duty of due care to ultimate users and/or recipients of the Product, including Plaintiff, in the designing, manufacturing, testing, inspecting, marketing, producing, selling and/or distributing the Product.

46. At all material times hereto, Plaintiff exercised due care for his own safety and well-being when he attempted to use the Product.

47. As a direct a proximate result of receiving and attempting to use the product, Plaintiff sustained severe and permanent personal injuries and was otherwise damaged as hereinbefore alleged.

48. The injuries sustained by Plaintiff were the direct and proximate result of Rust-Oleum's negligent breach of its aforesaid duty, including but not limited to Rust-Oleum's':

    a. Failure to use care in the design, manufacturing, producing, distributing, inspecting, advertising and selling the Product;
    b. Failure to make or cause to be made reasonable testing of the Product in order to assure the safety and integrity of the Product;
    c. Failure to otherwise adequately test the Product before marketing, distributing and selling the Product;
    d. Failure to warn potential and actual users and/or recipients of the potential hazards of the Product;
    e. Failure to property educate consumers of the Product about the safe use of the Product;
    f. Failure to provide adequate protection for persons coming into contact with the Product, such as the Plaintiff, from suffering the injuries that the Plaintiff still suffers from; and
    g. Failure to otherwise use due care in the packaging, marketing, distribution and/or sale of the Product.

49. As a direct result and proximate cause of Rust-Oleum's negligence as aforesaid, the Plaintiff suffered severe injuries to his mind, body, nerves and nervous system and will in the future suffer extreme pain and will be unable to perform his usual activities, has suffered a loss of earning capacity and loss of enjoyment of life, has suffered injuries which are permanent, including permanent disfigurement and loss of use and loss of bodily function.

Case Number: PC-2020-07057
Filed in Providence/Bristol County Superior Court
Submitted: 10/8/2020 2:45 PM
Envelope: 2784839
Reviewer: Rachel L.

Case 1:21-cv-00078-JJM-PAS   Document 1-1   Filed 02/12/21   Page 8 of 11 PageID #: 14

50. By means of the foregoing, the Plaintiff has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalizations, therapy and the like.

   WHEREFORE, the Plaintiff demands judgment against Rust-Oleum in a sum sufficient to establish the jurisdiction of this Honorable Court, exclusive of interest and costs and whatever further relief this Court deems meet and just.

## COUNT VI

### Res Ipsa Loquitur – Rust-Oleum

51. Paragraphs 1 through 9 are incorporated herein by reference as if fully set forth at length herein.

52. At all material times hereto, the Product was in the exclusive control of Rust-Oleum and/or its agents, servants and employees at the time it was manufactured.

53. The events set forth herein are of a nature and type such that they would not have occurred were it not for the negligence of Rust-Oleum and/or its agents, servants, and employees.

54. Plaintiff is without knowledge of the precise acts of negligence by Rust-Oleum which caused the injuries to Plaintiff as aforesaid.

55. The precise acts of negligence which caused the injuries to Plaintiff are known solely and exclusively by Rust-Oleum and/or its agents, servants and employees.

56. As a direct result and proximate cause of Rust-Oleum's negligence as aforesaid, the Plaintiff suffered severe injuries to his mind, body, nerves and nervous system and will in the future suffer extreme be unable to perform his usual activities, has suffered a loss of earning capacity and loss of enjoyment of life, has suffered injuries which are permanent, including permanent disfigurement and loss of use and loss of bodily function.

57. By means of the foregoing, the Plaintiff has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalizations, therapy and the like.

   WHEREFORE, the Plaintiff demands judgment against Rust-Oleum in a sum sufficient to establish the jurisdiction of this Honorable Court, exclusive of interest and costs and whatever further relief this Court deems meet and just.

## COUNT VII
### Strict Liability – Rust-Oleum

58. Paragraphs 1 through 9 are incorporated herein by reference as if fully set forth at length herein.

Case Number: PC-2020-07081
Filed in Providence/Bristol County Superior Court
Submitted: 10/8/2020 2:45 PM
Envelope: 2784839
Reviewer: Rachel L.

Case 1:21-cv-00078-JJM-PAS   Document 1-1   Filed 02/12/21   Page 9 of 11 PageID #: 15

59. At the time the Product was marketed, sold and/or otherwise distributed by Rust-Oleum, it contained and an obvious and foreseeable defect which made it unreasonably dangerous to all actual and potential users and recipients including the Plaintiff.

60. Plaintiff had no knowledge of the defective condition and/or nature of the defect to the Product at the time of purchase.

61. At the time the Plaintiff purchased and received the Product that was marketed and distributed by Rust-Oleum and sold to him by Lowe's, said Product was in essentially the same condition as it was when it left the hands of Rust-Oleum.

62. As a direct and proximate result of the receiving and attempted use of the Product, Plaintiff suffered severe and permanent personal injuries.

63. As a direct result and proximate cause of Rust-Oleum's negligence as aforesaid, the Plaintiff suffered severe injuries to his mind, body, nerves and nervous system and will in the future suffer extreme be unable to perform his usual activities, has suffered a loss of earning capacity and loss of enjoyment of life, has suffered injuries which are permanent, including permanent disfigurement and loss of use and loss of bodily function.

64. By means of the foregoing, the Plaintiff has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalizations, therapy and the like.

WHEREFORE, the Plaintiff demands judgment against Rust-Oleum in a sum sufficient to establish the jurisdiction of this Honorable Court, exclusive of interest and costs and whatever further relief this Court deems meet and just.

## COUNT VIII
## Breach of Warranty – Rust-Oleum

65. Paragraphs 1 through 9 are incorporated herein by reference as if fully set forth at length herein.

66. Defendant Rust-Oleum impliedly and expressly warranted that the Product was of merchantable quality and fit for its intended use.

67. At all times material hereto, the Plaintiff relied upon these warranties and attempted to use the Product for its intended purpose.

68. Rust-Oleum breached its express and implied warranties of merchantability and fitness for the Product's intended use and as a result of said breach, the defective Product caused the injuries to the Plaintiff as described herein.

Case Number: PC-2020-07057
Filed in Providence/Bristol County Superior Court
Submitted: 10/8/2020 2:45 PM
Envelope: 2784839
Reviewer: Rachel L.

Case 1:21-cv-00078-JJM-PAS   Document 1-1   Filed 02/12/21   Page 10 of 11 PageID #: 16

69. As a further result of Rust-Oleum's breach of the aforesaid warranties, the Plaintiff suffered severe and permanent injuries.

70. As a direct result and proximate cause of Rust-Oleum's negligence as aforesaid, the Plaintiff suffered severe injuries to his mind, body, nerves and nervous system and will in the future suffer extreme pain and be unable to perform his usual activities, has suffered a loss of earning capacity and loss of enjoyment of life, has suffered injuries which are permanent, including permanent disfigurement and loss of use and loss of bodily function.

71. By means of the foregoing, the Plaintiff has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalizations, therapy and the like.

WHEREFORE, the Plaintiff demands judgment against Rust-Oleum in a sum sufficient to establish the jurisdiction of this Honorable Court, exclusive of interest and costs and whatever further relief this Court deems meet and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY AND DESIGNATES
DENNIS H. RICCI AND RICHARD A. PACIA AS TRIAL COUNSEL**

                                                Plaintiff,
                                                JOAO CABRAL
                                                By his attorneys,

                                                /s/ Dennis H. Ricci, Esq.
                                                Dennis H. Ricci, Esq. (#2904)
                                                22 Belle Isle Way
                                                Cranston, RI 02921
                                                Tel: (401) 529-8900
                                                Fax: (401) 751-2122
                                                Email: Universallaw.ricci@gmail.com

                                                /s/ Richard A. Pacia, Esq.
                                                Richard A. Pacia, Esq. (#2348)
                                                50 Power Road
                                                Pawtucket, RI 02860
                                                Tel: (401) 781-1492
                                                Fax: (401) 781-3502
Dated: October 8, 2020                    Email: Rpacialaw@gmail.com



See this notice in Cambodian, Spanish, and Portuguese on the attached pages. Español: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas. Português: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.

# NOTICE

## You have a case in the Rhode Island state court system.

## You have the right to an interpreter at no cost to you.

Rhode Island Supreme Court Executive Order 2012-05 states that when a Limited-English Proficient (LEP) person appears in court, the Rhode Island Judiciary will provide a free authorized interpreter for the defendant, plaintiff, witness, victim, parent of a juvenile, or someone with a significant interest in the court proceeding. This interpreting service is provided at no cost to the parties and in all types of cases, both civil and criminal. Court interpreters work in all the courthouses of the Rhode Island state court system.

To schedule an interpreter for your day in court, you have the following options:

1. Call the Office of Court Interpreters at (401) 222-8710, or
2. Send an email message to interpreterfeedback@courts.ri.gov, or
3. Visit the interpreters' office to schedule an interpreter:

   The Office of Court Interpreters
   Licht Judicial Complex
   Fourth Floor, Room 401
   250 Benefit Street
   Providence, RI 02903

When requesting an interpreter, please provide the following information:

   The name and number of your case
   The language you are requesting
   The date and time of your hearing
   The location of your hearing
   Your name and a telephone number where we can reach you or your lawyer

For more information in Portuguese, Russian, and Spanish, including a listing of court forms that are available in Spanish, please visit our website on the Internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx

To request a translation of this notice into any other language, please call the Office of Court Interpreters at (401) 222-8710. It would be helpful to have an English speaker with you when you call.

The Rhode Island Judiciary is committed to making the courts accessible to all.

   The Office of Court Interpreters
   Licht Judicial Complex Fourth
   Floor Room 401
   250 Benefit Street
   Providence, RI 02903

9/15

---



See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
Camboyano: SAMPLE: [Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.]
Español: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
Português: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.

# NOTIFICAÇÃO

## V. Ex.ª tem um processo em curso no sistema judiciário do Estado de Rhode Island,

## V. Ex.ª tem direito aos serviços gratuitos de um intérprete.

A Ordem Executiva 2012-05 do Supremo Tribunal de Rhode Island prevê que quando uma pessoa com conhecimentos limitados da língua inglesa (*Limited-English Proficient*) (LEP) comparece ao tribunal, a Administração Judiciária de Rhode Island disponibiliza-lhe gratuitamente os serviços de um intérprete autorizado a um réu, autor, testemunha, vítima, pai ou mãe de um menor ou alguém com interesse significativo no processo judicial. O serviço de intérprete é prestado gratuitamente às partes e em todos os tipos de processos, sejam eles civis ou penais. Os intérpretes do tribunal trabalham em todos os tribunais do sistema judiciário do Estado de Rhode Island.

Para agendar os serviços de um intérprete para o seu dia no tribunal, tem as seguintes opções:

1. Telefonar para o Gabinete de Intérpretes Judiciais através do n.º (401) 222-8710, ou
2. Enviar uma mensagem de correio eletrónico para interpreterfeedback@courts.ri.gov, ou
3. Deslocar-se ao gabinete de intérpretes para agendar os serviços de um intérprete:

   Gabinete de Intérpretes Judiciais
   Complexo Judicial Licht
   Quarto Piso, Sala 401
   250 Benefit Street
   Providence, RI 02903

Quando solicitar os serviços de um intérprete deve fornecer os seguintes dados:

- O nome e número do seu processo
- O idioma que solicita
- A data e hora da sua audiência
- O local da sua audiência
- O seu nome e um número de telefone para o podermos contactar a si ou ao seu advogado

Para obter mais informações em português, russo e espanhol, incluindo uma lista dos formulários judiciais disponíveis em espanhol, visite o nosso website na internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx

Para solicitar uma tradução desta notificação para qualquer outro idioma, telefone para o Gabinete de Intérpretes Judiciais através do número (401) 222-8710. Recomenda-se que esteja acompanhado por alguém que fale inglês quando fizer a chamada.

A Administração Judiciária de Rhode Island está empenhada em tornar os tribunais acessíveis para todos.

   Gabinete de Intérpretes Judiciais
   Complexo Judicial Licht
   Quarto Piso, Sala 401
   250 Benefit Street
   Providence, RI 02903

9/15

---



See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
Español: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
Português: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.

# AVISO

## Usted tiene un caso en el sistema judicial de Rhode Island.

## Usted tiene el derecho a tener un intérprete sin costo para usted.

La Orden Ejecutiva 2012-05 del Tribunal Supremo de Rhode Island dicta que cuando una persona que tiene un dominio limitado del inglés (LEP) comparece ante la corte, el Sistema Judicial de Rhode Island le proveerá un intérprete autorizado gratis sea el acusado/demandado, demandante, testigo, víctima, padre de un menor de edad alguien que tenga con un interés importante en el proceso de la corte. Este servicio de interpretación se le proveerá sin costo alguno a los participantes en toda clase de caso, sea civil o penal.

Los intérpretes judiciales trabajan en todos los tribunales del Sistema Judicial de Rhode Island.

Para solicitar un intérprete para su comparecencia en el tribunal, usted tiene las siguientes opciones:

1. Llamar a la Oficina de Intérpretes en el tribunal al 401-222-8710 ;
2. Mandar un correo electrónico a interpreterfeedback@courts.ri.gov; o
3. Presentarse a la Oficina de Intérpretes para solicitar un intérprete:

   The Office of Court Interpreters
   Licht Judicial Complex
   Cuarto Piso, Oficina 401 A-B
   250 Benefit Street
   Providence, RI 02903

Al solicitar un intérprete, por favor provea la siguiente información:

- El nombre y el número de su caso
- El idioma que solicita
- La fecha y hora de su audiencia
- Dónde va a tomar lugar su audiencia
- Su nombre y número de teléfono por el cual nos podamos poner en contacto con usted o con su abogado.

Para obtener más información en portugués, ruso o español, incluyendo una lista de los formularios de la corte que están disponibles en español, visite nuestra página de internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx

Para solicitar la traducción de este aviso en cualquier otro idioma, por favor llame a la oficina de intérpretes al (401) 222-8710. Ayudaría si usted puede estar en compañía de una persona que habla inglés cuando llame.

El sistema jurídico de Rhode Island se compromete a proporcionar a todas las personas mejor acceso a los tribunales.

   The Office of Court Interpreters
   Licht Judicial Complex
   Fourth Floor Room 401
   250 Benefit Street
   Providence, RI 02903

9/15